AMERICAN CYANAMID CO., PLAINTIFF *v.* UNITED STATES, ET AL.,
DEFENDANTS

Court No. 84-6-00817

Before DiCARLO, *Judge.*

(Decided October 22, 1984)

*Donovan Leisure Newton & Irvine (Mark B. Feldman, John P. Dean,* and *Ronald J. Cracas),* for the plaintiffs.

---

[11] If the Secretary's self-help measures as set forth in § 1592(c)(5) are thwarted, there is no bar to the use of Rules 64 and 65 of this court to enforce pre-judgment remedies. The only requirement is that all procedures must be consistent with § 1592.

*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch *(Francis J. Sailer, A. David Lafer,* and *Brenda A. Jacobs),* for the defendants.

DiCARLO, *Judge:* On September 4, 1984, plaintiff, American Cyanamid Company, moved for a temporary restraining order and for a preliminary injunction enjoining the Customs Service from deciding protest Nos. 28092–001030 and 1001–2–012057.

The temporary restraining order was granted and was extended by the Court to October 22, 1984. Oral argument on the motion for preliminary injunction was heard on September 17, 1984.

On December 20, 1976, the United States International Trade Commission (ITC) made an affirmative injury determination with respect to Japanese melamine in crystal form. 41 FR 56865. Subsequent to the ITC determination, an antidumping order was issued February 2, 1977, subjecting Japanese melamine in crystal form to an antidumping duty. T.D. 77–54, 42 FR 6866. Plaintiff made three entries of Japanese melamine in crystal form during August and September of 1978 (New York entries 500674 and 532254 and San Francisco entry 172402). The Department of Commerce reviewed the dumping finding on Japanese melamine in crystal form on March 5, 1981, and antidumping duties of $122,970.68 were subsequently assessed on these three entries.

The San Francisco entry was liquidated on May 14, 1982, and the New York entries on July 30, 1982. Each of the liquidations was timely protested.

On April 10, 1984, plaintiff petitioned the ITC, pursuant to section 751(b) of the Tariff Act of 1930, 19 U.S.C. § 1675(b) (1982), to review the injury finding for 1978 only. Plaintiff alleged that the inadequacy of domestic sources of melamine in crystal form in 1978 constituted "changed circumstances" requiring revocation of the finding for 1978, as imports in that year could not have injured the domestic industry. Plaintiff contended it would be contrary to the purpose of the antidumping laws to assess it for importing Japanese melamine in crystal form during 1978.

The ITC dismissed the petition on May 16, 1984 as improperly filed because it failed to request prospective relief. 49 Fed. Reg. 20765. On June 15, 1984, plaintiff filed this action to obtain judicial review of that determination. Plaintiff moved for a preliminary injunction after it was informed that Customs was about to deny its protests, thereby divesting Customs of jurisdiction over the entries.

Plaintiff alleges that if the protests are denied and it is compelled to pay antidumping duties, this Court would be without authority to order Customs to return the money if the Court finds the ITC erred in dismissing plaintiff's petition, and the ITC subsequently revokes its affirmative injury determination for 1978.

To prevail on its motion for a preliminary injunction, plaintiff must show (1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the

public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the petitioner. *Zenith Radio Corp.* v. *United States,* 710 F.2d 806, 809 (Fed. Cir. 1983); *S.J. Stile Assoc. Ltd.* v. *Snyder,* 68 CCPA 27, 30 646 F.2d 522, 525 (1981).

Plaintiff brought its action in this Court under 28 U.S.C. §§ 1581(c) and (i) (1982) and section 516A of the Trade Agreements Act of 1979, 19 U.S.C. § 1516a (1982), seeking review of the ITC's denial of its request, pursuant to section 751(b), to revoke the Treasury Department's 1977 antidumping order for 1978 only.

Section 751(b) allows the ITC to revoke dumping determinations where "changed circumstances" exist. Section 751(c) states that any revocation "shall apply with respect to *unliquidated entries* of merchandise" (emphasis added). Each of the entries in this case has been liquidated. Therefore, the ITC is unable to grant the relief requested in the plaintiff's section 751(b) action, and there is no likelihood of success on the merits of plaintiff's section 516A action in this Court.[1]

Plaintiff claims that it will be irreparably harmed if the protests are denied. The irreparable injury claimed by the plaintiff is that, if its protests are denied, it will be unable to take advantage of a favorable determination which may be received from the ITC. As section 751(c) forecloses favorable ITC action, no irreparable injury can result from denial of the protests.

Since there is neither likelihood of success nor irreparable injury, the public interest would be ill served by granting the injunction and there is nothing to weigh on plaintiff's side in balancing the equities. The motion for preliminary injunction is denied.

The Court expresses no opinion as to whether plaintiff could be afforded the relief it seeks in an action filed under 28 U.S.C. § 1581(a), and the law existing prior to the Trade Agreements Act of 1979, after the denial of its protests.

It is hereby ordered that plaintiff's motion for preliminary injunction is denied.

---

[1] Plaintiff's argument that the liquidations are not "final" because of the pending protests, confuses review under section 516A with review following denial of protests under sections 514 and 515 of the Tariff Act of 1930, 19 U.S.C. §§ 1514 and 1515 (1982). The ITC's refusal to act on a section 751(b) petition may only be challenged under section 516A. *See* H.R. Rep. 96-1235, 96th Cong., 2d Sess. 44, *reprinted in* 1980 U.S. Code Cong. & Ad. News. 3729, 3756. Section 751(c) speaks only of "unliquidated entries."

Where relief is sought in this Court under section 516A with respect to particular entries, liquidation must have been stayed pending the ITC review. *See Zenith Radio Corp.* v. *United States,* 710 F.2d 806, 810 (Fed. Cir. 1983); *Cermica Regiomontana, S.A. and Industrias Intercontinental, S.A.* v. *United States,* 7 CIT 390, Slip. Op. 84-77 (June 29, 1984).

Plaintiff's reliance on 28 U.S.C. § 2638, is similarly misplaced. Section 2638 allows the Court to consider "any new ground in support of the civil action" brought under section 515.